UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- v -

TRIJYA VAKIL,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**INFORMATION**

25 Cr. 226 ( )

## COUNT ONE

### (Securities Fraud)

The United States Attorney charges:

### BACKGROUND

1. Unless stated otherwise, at all times relevant to this Information:

#### Relevant Entities and Persons

    a. Kindred Biosciences, Inc. ("Kindred") was a biopharmaceutical company located in Burlingame, California that developed biopharmaceutical therapies for pets. Until in or about August 2021, Kindred was a public company that traded on the NASDAQ exchange.

    b. Elanco Animal Health Inc. ("Elanco") was a pharmaceutical company located in Greenfield, Indiana that produced medicines and vaccinations for pets and livestock. Elanco was a public company that traded on the New York Stock Exchange.

    c. TRIJYA VAKIL, the defendant, was a resident of Wynnewood, Pennsylvania. VAKIL was employed as a research and development advisor for Elanco.

Starting in or about early 2021, VAKIL worked with others at Elanco to analyze Elanco's acquisition of Kindred.

        d. Tippee 1 was a resident of Lutz, Florida and a friend of VAKIL.

### Elanco's Acquisition of Kindred

        e. On or about April 16, 2021, Elanco made a preliminary offer to acquire Kindred for between $8.00 and $10.50 a share. Kindred's closing share price on that day was $4.85. On June 16, 2021, Elanco and Kindred announced that Elanco had agreed to acquire Kindred for $9.25 a share. Kindred's closing price on June 15, 2021 was $6.23 a share.

### INSIDER TRADING OF KINDRED SHARES

2. In or about May 2021, TRIJYA VAKIL, the defendant, told Tippee 1 that Elanco was going to acquire Kindred soon and that she was working on the acquisition. Tippee 1 asked VAKIL to advise Tippee 1 when the transaction was imminent.

3. On or about May 12, 2021, TRIJYA VAKIL, the defendant, bought 500 shares of Kindred while in possession of the material non-public information that Elanco intended to acquire Kindred. VAKIL told Tippee 1 that she had purchased Kindred shares.

3. On or about June 15, 2021, TRIJYA VAKIL, the defendant, told Tippee 1 that an announcement of Elanco's acquisition of Kindred was imminent. Tippee 1 thereafter purchased shares of Kindred prior to the announcement of Elanco's acquisition of Kindred and while in possession of the material non-public information that Elanco intended to acquire Kindred.

4. Subsequent to the June 16, 2021 announcement of Elanco's acquisition of Kindred, TRIJYA VAKIL, the defendant, asked Tippee 1 if Tippee 1 had purchased Kindred.

5. TRIJYA VAKIL, the defendant, sold her shares of Kindred at a profit on June

16, 2021, after the public announcement of Elanco's acquisition of Kindred. Tippee 1 sold Tippee 1's shares of Kindred at a profit between on or about July 2, 2021 and on or about July 6, 2021.

## STATUTORY ALLEGATION

6. From in or about May 2021 to on or about July 8, 2021, in the Southern District of New York and elsewhere, TRIJYA VAKIL, the defendant, knowingly and willfully, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, used and employed, in connection with the purchase and sale of Kindred common stock, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers and sellers of such securities, to wit, VAKIL bought Kindred common stock while in possession of the material non-public information that Elanco intended to acquire Kindred and further provided Tippee 1 with that material non-public information.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2)

## FORFEITURE ALLEGATION

7. As the result of committing the offense alleged in Count One of this Information, TRIJYA VAKIL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

### Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

*[signature]*
JAY CLAYTON
United States Attorney